IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GYPSIE JONES,

    Plaintiff,

    v.

RANCHO-SUNRISE HOTEL
CORPORATION dba HOLIDAY INN,

    Defendants.

CIV-S-05-1301-DFL-DAD

MEMORANDUM OF OPINION
AND ORDER

On September 13, 2006, plaintiff Gypsie Jones and defendant Rancho-Sunrise Hotel Corp. dba Holiday Inn ("Rancho") agreed to a "baseball-arbitration" model to settle attorney's fees.  Under this settlement approach, each side agreed to submit a figure for attorney's fees with the understanding that the court would be required to select the proposed figure that was the more reasonable.  Jones proposed a figure of $17,992.31, and Rancho proposed a figure of $6,500.  The court finds that Rancho's proposed figure is more reasonable for the following reasons:

    (1) Jones rejected Rancho's offer to settle on October 14, 2005 by fixing 80 categories of alleged barriers, which was better than the eventual settlement requiring

1

1    Jones to fix only 6 categories and $4,000 in monetary

2    compensation.  See Shott v. Rush-Presbyterian-St.

3    Luke's Med. Ctr., 338 F.3d 736, 743 (7th Cir. 2003).

4    (2) Jones cannot recover for time her attorneys spent

5    conducting an initial conflicts check.  See,e.g., White

6    v. GMRI, Inc., No. Civ-S-4-620, slip op. at 5 (E.D.

7    Cal. 2006).

8    (3) The time claimed for preparing boilerplate

9    documents must either be struck or significantly

10   reduced.  See Martinez v. Longs Drug Stores, Inc., No.

11   Civ-S-3-1843, slip op. at 8 (E.D. Cal. 2005).

12   (4) Work done by Alisha Petras, Hubbard's legal

13   assistant, is not compensable at the paralegal rate

14   because she did completed a paralegal program or an

15   advanced degree, and she does not have a written

16   declaration from a qualified supervising attorney

17   stating that she is able to perform paralegal tasks.

18   Cal. Bus. & Prof. Code § 6450 (2006).

19   (5) The $5,875.62 claimed for Card's expert report is

20   too high because:

21        (a) Card inspected the entire hotel and did not

22        limit his work to barriers Jones actually

23        encountered.

24        (b) Card copied wholesale sections from the CBC

25        and ADAAG without providing much analysis.

26        (c) Card hired an associate, who Jones described

2

1      only as "Todd with protoforms" to help with the

2      report and inspection when it is not clear that

3      hiring another expert was necessary.

4          (d) Jones had limited success because she

5      prevailed on only 6 of the 80 categories of

6      alleged barriers.

7      For the reasons above, the court finds that Rancho's

8  proposed figure is the more reasonable and, therefore, GRANTS

9  Jones's attorney's fees and costs in the amount of $6,500.

10          IT IS SO ORDERED.

11  Dated: November 15, 2006

12

13

14

15                          _____

                            DAVID F. LEVI
16                          United States District Judge

17

18

19

20

21

22

23

24

25

26